IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARKLAND SECURITIES, INC.,

    Plaintiff,                                CIV. NO. S-11-3281 GEB GGH PS

  vs.

CHRISTOPHER CAREY, et al.,

    Defendants.                              ORDER AND
                                         FINDINGS AND RECOMMENDATIONS
_____/

        This action was removed by pro se defendant Ali Arfa from Sacramento County Superior Court on December 12, 2011 (dkt. no. 1) and has been referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Presently pending before the court is plaintiff Parkland Securities, Inc.'s ("Plaintiff") motion to remand the action to state court, noticed for hearing on January 26, 2012 at 10:00 a.m. (Dkt. Nos. 7, 12.) Defendants have failed to file a timely opposition to the motion pursuant to E.D. Cal. L.R. 230(c).[1] Having reviewed the court's record

---

[1] Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. Failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L.R. 230(c). More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L.R. 110; see

in this matter, the court concludes that further briefing and oral argument would not be of material assistance in resolving the motion. Consequently, the January 26, 2012 hearing date will be vacated, and the motion will be decided on the record.

A state court defendant cannot invoke the federal court's original jurisdiction. However, the defendant may in some instances invoke the court's removal jurisdiction. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

A defendant may remove a civil action from state court to federal district court only if the district court has original jurisdiction over the action, i.e. if the action originally could have been filed in federal court. See 28 U.S.C. § 1441(a). A district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3rd Cir. 1992). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th

---

also E. D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

2

Cir. 1994); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

Here, removal cannot be based on federal question jurisdiction. The exhibits attached to the removal notice establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See Dkt. No. 1-2 at 1-4.) Defendant Christopher Carey was the former owner of the subject property, which was sold in a non-judicial foreclosure sale to Plaintiff after defendant Carey defaulted on his loan. (Dkt. No. 1 at 1-2; Dkt. No. 1-2 at 2-7.) Defendant Ali Arfa is a tenant who occupies the subject property pursuant to an oral rental agreement with former owner defendant Carey. (Dkt. No. 1-2 at 10-11.) This court has no jurisdiction over unlawful detainer actions, which are strictly within the province of the state court.

Defendant Arfa contends that Plaintiff's claim is purely a federal claim of "ejectment" under the Protecting Tenants at Foreclosure Act ("PTFA"). See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009). To the contrary, Plaintiff's complaint is strictly an action based on the California unlawful detainer statutes. Defendant Arfa's reference to the PTFA is best characterized as a defense or potential counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. Any defenses based on federal law or the United States Constitution must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")

1    Indeed, several federal district courts have specifically held that a defense based on the PTFA cannot serve as the basis for removal jurisdiction.  See e.g. Aurora Loan Services, LLC v. Montoya, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); SD Coastline LP v. Buck, 2010 WL 4809661, at **2-3 (S.D. Cal. Nov. 19, 2010); Wescom Credit Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010); Aurora Loan Services, LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. March 29, 2010).

Nor can the action be removed on grounds of diversity jurisdiction.  First, the amount in controversy does not exceed $75,000, because the state court action was filed as a limited civil case specifically seeking less than $10,000.  (Dkt. No. 1-2 at 2-4.)  Second, Defendant Arfa is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

Plaintiff also seeks an award of attorneys' fees, costs, and expenses in bringing its motion to remand.  28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In deciding whether to order payment of costs, the court must assess whether removal was "wrong as a matter of law."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

\\\\\

In this case, it is clear that there was no objectively reasonable basis for removal. Although defendant Arfa is proceeding pro se, the law of removal jurisdiction is clear and well established. Moreover, it is evident that defendant Arfa removed the action solely to delay Plaintiff's recovery of possession of its own property. Accordingly, the court will recommend that Plaintiff be awarded its reasonable fees and costs incurred with respect to the motion.

Plaintiff's counsel submitted a declaration indicating that he spent approximately 6 hours to prepare the motion to remand at a billing rate of $190 per hour, for a total of $1,140. (Dkt. No. 9.) The court finds the hourly rate and number of hours spent to be reasonable and will therefore recommend that Plaintiff be awarded $1,140 in attorneys' fees.

For the foregoing reasons, IT IS HEREBY ORDERED that the January 26, 2012 hearing is vacated. IT IS ALSO HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (dkt. no. 7) be granted;

2. The action be remanded to the Sacramento County Superior Court;

3. Plaintiff be awarded attorneys' fees in the amount of $1,140 to be paid by defendant Arfa within 28 days from the date of an order adopting these findings and recommendations, if they are adopted;

4. The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (11UD10822) in the proof of service; and

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The

1. parties are advised that failure to file objections within the specified time may waive the right to
2. appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3. DATED: January 18, 2012

 /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Parkland.3281.fr.remand.wpd